IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEREK I. SWEET,**
**#K98426,**

        **Plaintiff,**

vs.                               Case No. 17-CV-1363-DRH

**JOHN/JANE DOE 1,**
**JOHN DOE 1,**
**JOHN DOE 2,**
**JOHN DOE 3,**
**JOHN DOE 4,**
**JOHN DOE 6,**
**JOHN DOE 7, and**
**JOHN DOE 8,**

        **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Derek I. Sweet, an inmate currently housed at Stateville Correctional Center ("Stateville"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Following the Court's Severance Order, filed contemporaneously herewith, the only claims remaining in this action are Counts 1 through 6 ("2006/2007 Menard Claims"). The Court designated Counts 1 through 6 as follows:

**2006/2007 Menard Claims**

    **Count 1 –**   On October 1, 2006, John Doe 2 subjected Plaintiff to excessive force in violation of the Eighth Amendment.

    **Count 2 –**   On October 1, 2006, John Doe 1 failed to intervene in the alleged excessive force (occurring on October 1, 2006) in violation of the Eighth Amendment.

    **Count 3 –**   John Doe 1, John Doe 2, John Doe 3, John Doe 4, and

1

> John/Jane Doe 1 showed deliberate indifference to Plaintiff's serious medical needs resulting from the alleged excessive force (occurring on October 1, 2006) in violation of the Eighth Amendment.

**Count 4 –** On February 7, 2007, John Doe 6 subjected Plaintiff to excessive force in violation of the Eighth Amendment.

**Count 5 –** John Doe 6, John Doe 7, and John Doe 8 showed deliberate indifference to Plaintiff's serious medical needs resulting from the alleged excessive force (occurring on February 7, 2007).

**Count 6 –** John Doe 6 retaliated against Plaintiff for filing a grievance regarding the alleged use of excessive force (occurring on February 7, 2007) by tossing his cell and encouraging Plaintiff's cellmate to assault him.

## Merits Review

The Court need not delve into the merits of Plaintiff's claims because it is obvious, from the face of the Complaint, that the claims are barred by the statute of limitations.[1]

The statute of limitations for § 1983 actions arising in Illinois is two years. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir.2001), citing *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir.1998); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir.1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). In the instant case, even assuming that all of the claims involve continuing violations, Plaintiff's claims would have accrued, at the latest, on March 11, 2007, when Plaintiff was transferred to Stateville Correctional Center. *See Heard v. Sheahan,* 253 F.3d 316, 318 (7th Cir. 2001)

---

[1] Typically affirmative defenses such as filing after the statute of limitations are litigated by the parties after service. *See Jones v. Bock,* 549 U.S. 199, 212 (2007). However, a court may invoke these defenses on § 1915A review when the availability of the defense is apparent on the face of the complaint. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

(finding that an Eighth Amendment deliberate indifference claim for failure to treat an inmate's hernia, a continuing violation, accrued when the inmate left the prison).

The same is true when the Court considers applicable tolling principles. The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies prior to filing suit under § 1983. *See* 42 U.S.C. § 1997(e)(a). The Seventh Circuit has held that a federal court relying on the Illinois statute of limitations in § 1983 cases must toll the limitations period while a prisoner completes the administrative grievance process. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). However, an inmate's obligation to complete the process ceases when the process becomes unavailable. *Dole v. Chandler,* 438 F.3d 804, 811-12 (7th Cir. 2006). When an inmate is transferred to another facility, the administrative review process is deemed unavailable and the tolling of limitations period ends. *See King v. McCarty*, 781 F.3d 889, 895 (7th Cir. 2015).

Accordingly, in the instant case, Plaintiff had to bring suit no later than March 11, 2009 (two years from the day he was transferred out of Menard). Unfortunately, Plaintiff's suit, which was filed in 2017, is eight years too late. The Court will therefore dismiss this action with prejudice as barred by the statute of limitations. No strike will be assessed at this time. *See Myles v. United States*, 416 F.3d 551, 553 ("The statute of limitations is an affirmative defense, so [plaintiff's] unsuccessful claim … is not a strike.").

3

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel is **DENIED** as **MOOT**. Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 2) shall be addressed in a separate order of the Court. The Court reminds Plaintiff that his IFP Motion is incomplete. Plaintiff currently has until February 1, 2018 to provide the Court with a certification and a complete copy of his trust fund account statement. (Doc. 5).

## Disposition

**IT IS HEREBY ORDERED** that this case is dismissed with prejudice because it is barred by the statute of limitations. The Clerk of Court is **DIRECTED** to close this case and enter judgment.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.16
11:57:46 -06'00'

**United States District Judge**

5